OPINION AND ORDER
A Notice of Appeal was timely filed herein. Oral argument has been held.
On November 1, 2011, the Fort Peck Tribes filed two charges against Appellee First, Child Neglect, in violation of Title VII, Chapter 2, Section 241, Comprehensive Code of Justice of Assiniboine and Sioux Tribes of the Fort Peck Reservation (“CCOJ”) and Criminal Trespass in violation of Title VII, Chapter 3, Section 311, CCOJ.
On January 26, 2012, following a hearing, the Tribal Trial Court dismissed the complaints under Title VI, Chapter 2, Section 203, CCOJ, Notification of Rights at Time of Arrest. It is from this dismissal that the Tribes appeal. We affirm in accordance with the following.
According to the documents presented to the Tribal Trial Court, i.e., Criminal Complaints, a police report and briefs of the parties, during the evening of October 31, 2011, a patrolling tribal police officer was called to a residence in Poplar having received information that someone had broken into a home. Upon investigation, the police officer found three adults who appeared intoxicated and a baby in a boarded-up Fort Peck Housing Authority home. The officer contacted Bureau of Indian Affairs social services about the baby and placed one of the adults in handcuffs in a police car. The officer also called for transportation assistance from other law enforcement. Representatives of the housing authority and social services arrived. The officer then walked Appellee First out to his patrol car. In his report the officer stated that as they left the house, Appellee First asked if he was going to jail. According to the officer, he responded, “I advised him that he was and that he had broken into a housing house that was boarded up.” A while later, at 9:03 p.m., the officer gave Appellee First a breathalyzer test in the patrol car. At 9:19 p.m., the officer went out to the patrol car and advised Mr. First of his rights. He was then taken to jail.
In its Conclusions of Law, the Tribal Court concluded that the arrest was invalid under Title VI, Chapter 2, Section 203 and stated in relevant part:
2. This Court ruled that immediate means that if an individual is advised that they are being arrested the arresting officer at that instant shall advise them of their tribal rights. This ruling was upheld by the Fort Peck Court of Appeals, Appeal No: 467, Fort Peck Tribes v. First.
*322 3. It is also the opinion of this Court that Officer Headdress should have advised First of his tribal rights when First asked if he was going to jail and Officer Headdress advised him that he was going to jail and secured him in his patrol car.
The Tribes contend that first, dismissal is not required by Appeal No. 467, and second, that the issue should be reviewed in light of Appeal No. 279, Fort Peck Tribes v. Big Horn, which interpreted Title VI, Chapter 2, Sections 201(b)(3) and 201(c), CCOJ. The Tribes point out that the decision in Fort Peck Tribes v. First, (Appeal No. 467), included the statement that “in an arrest, circumstances may sometimes exist that require management of a dangerous situation prior to providing the required notification,” implying that this may have been true in this case. However, no information submitted in the case indicates that management of a dangerous situation prevented the officer from advising Appellee First of his rights.
The Tribes next assert that because Title VI, Chapter 2, Section 203, CCOJ does not explain the reasoning for the requirement of immediate notification, the provision should be read in light of the United States Supreme Court’s decision in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, (1966) and Fort Peck Tribes v. Big Horn. Apparently, the Tribes’ view is that the impact of a violation of Title VI, Chapter 2, Section 203, CCOJ should be limited to the remedy in Miranda and Fort Peck Tribes v. Big Horn, specifically, not allowing use at trial of evidence obtained from a Defendant who was not properly notified of his rights. However, Title VI, Chapter 2, Section 203, CCOJ contains no such limitation.
The Tribal Trial Judge’s interpretation and application of the code provision is reasonable and in accordance with the law.
Therefore, IT IS HEREBY ORDERED, that the Judgment of the Tribal Trial Court is affirmed.